JESS SMITH V. THE STATE.

No. 21817. Delivered December 17, 1941.
Rehearing Denied January 28, 1942.

The opinion states the case.

*Baker & Baker* and *R. E. Murphey*, all of Coleman, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of misdemeanor theft, and assessed a punishment of one year in jail and a fine of $250.00.

There are no bills of exception in the record, and the contention is made that the testimony is insufficient to show the crime of theft.

The facts show that Mrs. L. S. Odom was the owner of a quantity of shelled oats. That the year previously she had sold a quantity of oats to appellant under a contract that appellant would take the oats to town and weigh them and put the money in the bank for the oats. This contract was carried out. In the

matter here in question appellant phoned Mrs. Odom and desired to buy some more oats from her, and offered her an unsatisfactory price therefor, which she refused; later he again phoned her and offered another price for the oats, which second offer was refused. Eventually appellant came to Mrs. Odom's home, and a satisfactory price was at least inferentially agreed upon, and he began to load the oats in a truck, telling her that he would take the oats to town and weigh them, and put the money in the bank, like he had done the other time he purchased her oats. This sale was intended by Mrs. Odom not as a credit sale but a cash transaction, and as soon as the amount was ascertained the money was to be placed in the bank, as was theretofore done in the prior sale. This sale was thought by her to be at the price of 35 cents per bushel.

It was shown that there were 86 sacks of oats taken away at the time; that 41 or 42 of these sacks were meal sacks that held about two bushels of oats, and the remaining 45 or 46 sacks were of a larger capacity than the meal sacks.

Appellant's wife testified that some few days after the above occurrence she was possessed of $45.00 and went out to Mrs. Odom's house and offered her that amount of money in payment for the oats, which amount Mrs. Odom refused to accept. This version of her trip, however, was contradicted by Mrs. Odom, who testified that appellant's wife said she had no money, but that if Mrs. Odom would settle for half the amount the wife thought that she could borrow the same from her father, and she would try to borrow it if Mrs. Odom would not have her husband arrested.

The court charged the jury relative to the law of theft by false pretext, as set forth in Art. 1413, P. C., and we find no objection nor exception thereto.

This was not a sale on a credit, so the witness Mrs. Odom said, but it was a cash sale. The appellant was to ascertain the amount of oats, multiply the amount of bushels by the price to be paid per bushel, and put the money in the bank to the credit of Mrs. Odom. At no time was title nor possession surrendered to him until the oats had been weighed and payment made therefor at the bank in Mrs. Odom's name.

We are impressed with the conclusion that the facts satis-

factorily show the guilt of appellant under the charge herein, see Anderson v. State, 177 S. W. 87, and the judgment is accordingly affirmed.

## ON MOTION FOR REHEARING.

### DAVIDSON, Judge.

In his motion for rehearing, appellant renews his contention that the facts do not show a case of theft by false pretext. We have again examined the facts and are unable to so agree.

When Mrs. Odom surrendered the oats into appellant's possession, she did so, according to her testimony, upon the representation of the appellant that he would carry them to town and would weigh them in order to know the amount due or to be paid therefor at the price agreed upon; and that, upon such amount being ascertained, he would place the money therefor in the bank. This constituted the representation by which appellant obtained possession of the oats. That he did thereafter convert same to his own use, and without paying her therefor, is not disputed. Such facts warranted the jury's finding appellant guilty. Newcomb v. State, 95 S. W. (2d) 456, 131 Tex. Cr. R. 30; Sparks v. State, 95 S. W. (2d) 704, 131 Tex. Cr. R. 37; and McCain v. State, No. 21,828, decided January 21, 1942, and not yet reported. (Reported in this volume).

It was within the province of the jury to determine the disputed issue of fact relative the value of the oats alleged to have been taken. Appellant's contention that the jury was bound to accept the value of the oats as fixed by the State's witnesses is without merit and is overruled.

Believing that the case was correctly disposed of by the original opinion, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.